■ JOHN COLEMAN, Appellant, v CORPORATE LOSS PREVEN-TION ASSOCIATES, INC., Respondent. [724 NYS2d 321] —In an action to recover damages for negligent investigation and negligent supervision, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated October 19, 1999, as denied that branch of his motion which was for reimbursement for the cost incurred to effect service of process on the defendant, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was arrested for trademark counterfeiting in connection with Kim's Specialty Store after an investigation by the defendant, a private investigation firm, led to the discovery of merchandise from the store with counterfeit labels. Pursuant to a plea agreement, the plaintiff's girlfriend, an owner of the store, pleaded guilty to a misdemeanor charge of trademark counterfeiting, and the charges against the plaintiff were adjourned in contemplation of dismissal. Thereafter, the plaintiff commenced this action against the defendant for negligent investigation and supervision, claiming that he was not an owner, employee, or agent of the store.

The plaintiff's claims sound in negligent prosecution and were properly dismissed. There is no cause of action in the State of New York sounding in negligent prosecution or investigation (*see, Antonious v Muhammad,* 250 AD2d 559; *Pandolfo v U.A. Cable Sys.,* 171 AD2d 1013, 1014).

The plaintiff's remaining contention is without merit. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.

■ TARA E. CONNOLLY, Respondent, v JAMES J. CONNOLLY, Appellant. [724 NYS2d 322] —In a matrimonial action in which the parties were divorced by judgment entered June 19, 1996, the defendant appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated June 9, 2000, which, in effect, denied his motion to resettle a Qualified Domestic Relations Order dated May 1, 1998, to conform it to the terms of the parties' stipulation of settlement.

Ordered that the appeal is dismissed, without costs or disbursements.

An order denying a motion to resettle the substantive or decretal portions of a prior order is not appealable (*see, Scopelliti v Scopelliti,* 250 AD2d 752). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.