In re Robert J. MIKULSKY d/b/a Enterprise Machine; and Karen A. Mikulsky, d/b/a Enterprise Machine, Debtors.

Worldwide Prosthetic Supply,
Inc., Plaintiff,

v.

Robert J. Mikulsky d/b/a Enterprise Machine; and Karen A. Mikulsky, d/b/a Enterprise Machine, Defendants.

Bankruptcy No. 03–21991–SVK.
Adversary No. 03–2169.

United States Bankruptcy Court,
E.D. Wisconsin.

Dec. 1, 2003.

Joseph M. Recka, Green Bay, WI, for Debtors.

## MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

SUSAN V. KELLEY, Bankruptcy Judge.

This matter was heard on November 21, 2003 in open court after briefing and argument on the Plaintiff's Motion for Summary Judgment in which the Plaintiff contends that the judgment of the Circuit Court for Brown County should be determined to be nondischargeable in bankruptcy under § 523(a)(6) of the Bankruptcy Code.

## FACTS

The undisputed facts include that after a jury trial, the Circuit Court for Brown County, Wisconsin entered a judgment against Robert J. Mikulsky (the "debtor") in the amount of $498,153.54. The basis for the Circuit Court's judgment was the debtor's violation of Wis. Stat. § 134.90, Wisconsin's version of the Uniform Trade Secrets Act. The debtor was not represented by counsel during the Circuit Court trial, although he had been represented in a previous mistrial and appeal involving the same issues.

The Jury's Special Verdict stated, in pertinent part:

*Question 2:* Did the Defendant Robert Mikulsky, individually or as an agent of Voyager Manufacturing, Inc., misappropriate the Plaintiff's, World Wide Prosthetic Supply, Inc., prosthetic compound trade secrets?

*Answer:* Yes

*Question 10:* Was the conduct of Robert Mikulsky, either in his individual capacity or as an agent of Voyager Manufacturing, Inc., outrageous?

*Answer:* Yes

*Question 11:* What sum, if any, do you assess against Robert Mikulsky, either in his individual capacity or as an agent of Voyager Manufacturing, Inc., as punitive damages?

*Answer:* $47,000.

At the plaintiff's request, the Circuit Court added attorneys fees to the jury's award, under a provision of the trade secrets statute allowing the award of actual, reasonable attorneys fees in cases of "willful and deliberate" violation of the statute. Wis. Stat. § 134.90(4)(c). The debtor appealed the Circuit Court decision, but did not post a bond nor obtain a stay of the judgment.

The debtor filed a chapter 7 bankruptcy petition, and the plaintiff responded by filing a nondischargeability complaint under Bankruptcy Code § 523(a)(6), which excepts those debts created by the debtor's willful and malicious conduct from the bankruptcy discharge. The plaintiff filed a Motion for Summary Judgment seeking to collaterally estop the debtor from relitigating the trade secrets misappropriation case in this Court.

## ANALYSIS

■ Bankruptcy Rule 7056(c) provides that summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The plaintiff here contends that it is entitled to a judgment as a matter of law because the elements of issue preclusion (a/k/a collateral estoppel) are met. In determining the elements of issue preclusion, this Court applies the law of the state of Wisconsin. "[T]his court must look to the law of preclusion in the appropriate state and give state 'judicial proceedings' the 'same full faith and credit as they have by law or usage in the courts of such State from which they are taken.'" *Biggers v. Wilson (In re Wilson),* 216 B.R. 258, 264 (Bankr.E.D.Wis.1997).

■ Under Wisconsin law, there are four elements of issue preclusion:

1) The prior judgment must be valid and final on its merits.

2) There must be an identity of issues.

3) There must be identity or privity of parties.

4) The issues in the prior action asked to be invoked must have been actually litigated and necessarily determined.

*Molldrem v. Wagner (In re Wagner)*, 79 B.R. 1016, 1019–20 (Bankr.W.D.Wis.1987) citing Ryan, *Collateral Estoppel in the Wisconsin Courts*, 55 Wisconsin Bar Bulletin 31 (Jan.1982).

█ Does the fact that the debtor has appealed the Circuit Court judgment mean that the judgment is not final as required by the doctrine of issue preclusion? The answer is no. Under Wisconsin law, the debtor's appeal does not affect the finality of the judgment for issue preclusion purposes, since the debtor has not obtained a stay of the judgment. A pending appeal does not preclude collateral estoppel from applying to a final Circuit Court judgment. *Town of Fulton v. Pomeroy*, 111 Wis. 663, 87 N.W. 831 (1901).

█ Also, that the debtor was not represented by counsel during the Circuit Court trial does not preclude collateral estoppel from applying. In *Biggers v. Wilson, supra,* Judge McGarity confronted a claim of sexual harassment against Wilson which had been adjudicated by an administrative law judge, and affirmed by the Labor and Industry Review Commission (LIRC), Milwaukee County Circuit Court and Wisconsin Court of Appeals. At the initial administrative level, Wilson was not represented by counsel. Judge McGarity analyzed applicable Wisconsin and Seventh Circuit precedent, and concluded that in Wisconsin, the doctrine of issue preclusion does not require the party to be fully represented by counsel in the prior action. *Wilson*, 216 B.R. at 266.

█ The debtor's main argument is that the nondischargeability claim and the Circuit Court action lack the requisite identity of issues, since, according to the debtor, the state court never considered the debtor's intent, which is a necessary element of willful and malicious conduct under Bankruptcy Code § 523(a)(6). However, the Court concludes that the jury's finding that the debtor's misappropriation of the plaintiff's trade secrets was "outrageous" and the jury's award of punitive damages satisfy the same elements as required for a finding of willful and malicious conduct under the Bankruptcy Code.

█ In Wisconsin, punitive damages are allowed for torts which are malicious, outrageous or show a wanton disregard of personal rights. *Brown v. Maxey*, 124 Wis.2d 426, 430, 369 N.W.2d 677, 680 (1985). Wisconsin courts use the word "outrageous" interchangeably to mean malicious conduct. *Id.* at 431 n. 1, 369 N.W.2d 677.

The debtor contends that *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), requires this Court to allow the debtor to relitigate the trade secrets case. That case involved a medical malpractice claim against an uninsured doctor. The Bankruptcy Court determined that the treatment that the creditor suffered at the hands of the doctor was so far below the appropriate standard of care that it rose to a willful and malicious injury under Bankruptcy Code § 523(a)(6). The Eighth Circuit Court of Appeals reversed the Bankruptcy Court, and the reversal was upheld by the Supreme Court. The appellate courts held that nondischargeability under § 523(a)(6) requires an intentional tort rather than a negligent or reckless tort.

In *Stahl v. Gross (In re Gross)*, 288 B.R. 655 (Bankr.E.D.N.Y.2003), the Bankruptcy Court confronted a similar argument to that made by the debtor here. The debtor had been found liable in state court for malicious prosecution of the creditor. When the debtor attempted to discharge the debt in bankruptcy, the creditor filed a nondischargeability complaint under Bankruptcy Code § 523(a)(6). The debtor argued that *Geiger* applied to allow the debt-

or to relitigate the creditor's claim. As argued by the debtor here, the debtor in *Stahl*,

> [A]sserted that nowhere in the charges or questions to the jury, or in the responses by the jury, is the issue as to whether he had a specific intention of causing injury which, according to Gross's reading of the *Geiger* case, is required for nondischargeability under § 523(a)(6). In essence, Gross contends that the issue of "willful injury" under § 523(a)(6) was not at stake and thus not decided in the prior state court suit because it was not an element of the malicious prosecution cause of action. These arguments are devoid of merit. They overlook the requisites of malicious prosecution and misconstrue the Supreme Court decision in *Geiger*.

*Stahl*, 288 B.R. at 661. The court went on to hold:

> Gross's interpretation of the *Geiger* case, as requiring a specific intent to cause injury for § 523(a)(6) nondischargeability, is incorrect. The Supreme Court, in *Geiger*, did not define the precise state of mind required to satisfy the § 523(a)(6) willfulness imperative. While the Supreme Court in the *Geiger* case precluded negligent or reckless conduct from the compass of § 523(a)(6), it did not require a specific intent to cause injury. An intentional wrongful act that necessarily causes injury meets the willfulness standard under *Geiger*. 4 Collier on Bankruptcy P 523.13[1], at 523–92 (Lawrence P. King, et al. eds., 15th ed.2001).

*Stahl*, 288 B.R. at 662.

The instant case is much closer to *Stahl* than *Geiger*. In both this case and *Stahl*, juries awarded punitive damages for outrageous conduct committed by the debtors. The jury in *Geiger* did not award punitive damages nor make a finding that the debtor acted outrageously or maliciously. The tort of misappropriation of trade secrets is more akin to the tort of malicious prosecution than medical malpractice.

In *Read & Lundy, Inc. v. Brier (In re Brier)*, 274 B.R. 37 (Bankr.D.Mass.2002), a post-*Geiger* case involving misappropriation of trade secrets, the Bankruptcy Court granted the creditor's motion for summary judgment and gave collateral estoppel effect to a state court judgment against the debtor. The court noted: "Numerous courts have concluded that a determination of willful and malicious conduct for purposes of awarding exemplary damages under the Uniform Trade Secrets Act collaterally estops a debtor from relitigating the same issue under § 523(a)(6)." 274 B.R. at 45. Since, in this case, the jury determined that the debtor's conduct was "outrageous" and awarded punitive damages, this Court concludes that the identity of issues is the same, and collateral estoppel applies here.

An Order will be entered granting plaintiff's Motion for Summary Judgment.