**In re Michael Lane PAINTER, Debtor.**

**S.L. Pierce Agency, Inc., Plaintiff,**

v.

**Michael Lane Painter, Defendant.**

Bankruptcy No. 01–61520.

Adversary No. 02–02003.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Oct. 31, 2002.

**664**

Daniel F. Ryan, Columbus, OH, for Plaintiff.

Robert J. Morje, Columbus, OH, for Defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter comes before the Court upon Defendant, Michael Lane Painter's Motion for Summary Judgment ("Motion"), and Plaintiff's Response in Opposition to Defendant, Michael L. Painter's Motion for Summary Judgment ("Memo Contra").

### I. *Statement of Jurisdiction*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

### II. *Factual Background* [1]

William Painter is the father of Michael Painter and Matthew Painter. William Painter worked as an independent contractor for Plaintiff from 1986 to 1998. (Magistrate's Decision, p. 1). William Painter had serious health problems that affected his ability to service Plaintiff's insurance clients. Michael Painter and Matthew Painter assisted in providing service to their father's clients in 1996 and 1997. (Magistrate's Decision, p. 3). Michael Painter and Matthew Painter were involved primarily in the sale of securities at that time. In 1997, Plaintiff became aware that contact was being made by Michael Painter and Matthew Painter. Plaintiff became concerned that its clients assigned to William Painter were surrendering annuities to purchase securities sold by Michael Painter and Matthew Painter. (Magistrate's Decision, p. 4). In April of 1998, William Painter retired.

William Painter's contract with Plaintiff included noncompetition and confidentiality provisions. The contract also provided for payment of renewal commissions upon his retirement. Those renewal commissions were paid until February 1999. However, in February of 1999, the renewal commissions were stopped because Plaintiff concluded that business was being rolled to a competitor. (Magistrate's Decision, p. 5).

Plaintiff filed an action in the Court of Common Pleas, Franklin County, Ohio,

---

**1.** Plaintiff attached to the adversary complaint copies of the Decision and Entry Adopting the June 25, 2001 Magistrate's Decision and the Magistrate's Decision. Defendant also attached copies of the Decision and Entry Adopting the June 25, 2001 Magistrate's Decision and the Magistrate's Decision to the Motion. The Decision and Entry Adopting the June 25, 2001 Magistrate's Decision was entered in the Franklin County, Ohio, Common Pleas Court (Case No. 99CVH09–8067)

on September 17, 2001. The Magistrate's Decision was entered on June 25, 2001. It is uncontroverted that the state court properly entered these documents. Neither Defendant nor Plaintiff has asserted that any of the magistrate's factual findings or conclusions of law were not necessary to the state court judgment. Pertinent background facts have been taken from the Magistrate's Decision and included within this Factual Background section.

against William A. Painter on September 27, 1999. On June 2, 2000, Plaintiff filed an amended complaint, adding as defendants Michael Painter, Matthew Painter, and Painter and Painter, Inc. William Painter filed a counterclaim on September 1, 2000. The parties in the state court action agreed to waive their jury demands, and the case was referred to a state court magistrate. The magistrate held a trial on June 11, 2001. At the trial, the parties appeared and presented evidence and testimony. On June 19, 2001, the parties filed post-trial briefs. (Magistrate's Decision, p. 1). After weighing the evidence admitted at trial, the magistrate entered his Decision on June 25, 2001.

Within the state court proceeding, Plaintiff alleged that Defendants violated Ohio Revised Code § 1333.61, et seq. Ohio Revised Code § 1333.63 provides that a complainant in a civil action may recover damages for misappropriation of a trade secret. Within the state court Decision, the magistrate concluded that Michael Painter and Matthew Painter misappropriated a trade secret of Plaintiff in violation of Ohio Revised Code § 1333.61, et seq. by compiling a list of Plaintiff's customers and using it to take the Plaintiff's customers for themselves. (Magistrate's Decision, p. 11). The magistrate further concluded that Defendant William Painter breached his obligations under his agency contract. (Magistrate's Decision, p. 14). Based upon the state court's findings, the magistrate determined that the evidence supported an award of damages for 109 customers proven to have been switched from the Plaintiff's agency. The magistrate determined that the total damages for the six-year expected life of the book of business equaled $98,100.00, and judgment was granted, jointly and severally, against the state court defendants. (Magistrate's Decision, p. 16).

Within the state court proceeding, the Plaintiff also requested an award of punitive damages and attorney fees. The magistrate determined that there was "insufficient evidence before the magistrate of actual malice, as required to support an award of punitive damages. *See, e.g., Cabe v. Lunich* (1994) 70 Ohio St.3d 598, 640 N.E.2d 159. Accordingly, an award of attorney fees [was] not warranted under the law." (Magistrate's Decision, p. 16).

The Magistrate's Decision was adopted by a judge of the Franklin County Court of Common Pleas on September 17, 2001. The parties involved in the state court proceeding did have an opportunity to object to the Decision. No objections were filed and no appeal was taken.

On January 16, 2002, Defendant filed a voluntary petition under Chapter 7. On April 26, 2002, Plaintiff filed its adversary proceeding. Within the adversary proceeding, Plaintiff alleged that Defendant's actions based upon the state court judgment in Case No. 99 CVH–09–8067, were both willful and malicious as those terms have been defined for purposes of 11 U.S.C. § 523(a)(6). Plaintiff further alleged that the acts were intentionally and deliberately committed by the Defendant with the specific and intended consequence that such acts would cause harm to Plaintiff. Plaintiff requested the Court to determine the debt of Defendant owed to Plaintiff to be nondischargeable.

### III. *Standard of Review*

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). The burden on the moving party is discharged by a "showing" that there is an absence of evidence to support a nonmoving party's case. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548.

Summary judgment is appropriate if the nonmoving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Thus, the ultimate burden of demonstrating the existence of genuine issues of material fact lies with a nonmoving party. The evidence must, however, be viewed in the light most favorable to the nonmoving party. *Lashlee,* 570 F.2d at 110–111.

The doctrine of collateral estoppel, also referred to as issue preclusion, prevents a party from relitigating issues that were actually litigated in a prior proceeding. *Markowitz v. Campbell (In re Markowitz),* 190 F.3d 455, 461 (6th Cir.1999). The Sixth Circuit has held that:

> ... the application of collateral estoppel in a nondischargeability action depends upon whether the applicable state law would give collateral estoppel effect to the judgment. *Bay Area Factors v. Calvert (In re Calvert),* 105 F.3d 315 (6th Cir.1997).

In order to successfully assert collateral estoppel under Ohio law, a party must plead and prove the following elements: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit. See *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). *Ed Schory & Sons, Inc. v. Francis (In re Francis),* 226 B.R. 385, 388 (6th Cir. BAP 1998).

### IV. *Arguments*

Through his Motion, Defendant requests this Court to enter a judgment in his favor. Defendant argues that collateral estoppel applies because the state court found "insufficient evidence of actual malice, as required to support an award of punitive damages." (Magistrate Decision, p. 16). Since the standard applied by the state court required only evidence of actions by the Defendant that had a great probability of causing substantial harm, and 11 U.S.C. § 523(a)(6) requires the Plaintiff to demonstrate that there was actual intent to cause harm, Defendant argues that collateral estoppel applies.

Through its Memo Contra, Plaintiff, S.L. Pierce Agency, Inc., responds and argues that the standard used by the state court was far different than the standard required for determination of dischargeability under 11 U.S.C. § 523(a)(6). Plaintiff argues that the Motion should be dismissed by this Court. Plaintiff also argues that the state court's findings of fact that "Michael and Matthew Painter made a

concerted effort to take the Agency's [Plaintiff's] customers for themselves" are sufficient for the Court to determine that Plaintiff's claim is nondischargeable under 11 U.S.C. § 523(a)(6). (Magistrate's Decision, pp. 11–12).

## V. Legal Analysis

In reviewing the Magistrate's Decision, the Motion, and the Memo Contra, it is uncontroverted that both the Plaintiff and Defendant were involved in the underlying state court action. Further, it is uncontroverted that the state court issued a final judgment following an evidentiary hearing with the opportunity to submit supplemental legal briefs. The issue remaining is if the state court made a finding regarding malice that can preclude this Court from having to make its own determination of "willful and malicious" as it is used in 11 U.S.C. § 523(a)(6).

## A. 11 U.S.C. § 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code provides as follows:

A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt... for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

■■■ The United States Supreme Court has held that a debt is nondischargeable under 11 U.S.C. § 523(a)(6) if it results from an act with "intent to cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). Since, *Geiger*, the Sixth Circuit has interpreted 11 U.S.C. § 523(a)(6) by using a strict subjective approach. *See, Carrillo v. Su (In re Su)*, 290 F.3d 1140 (9th Cir.2002). The Sixth Circuit has held "that unless 'the actor desires to cause

consequences of his act, or ... believes that the consequences are substantially certain to result from it', he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *In re Markowitz*, 190 F.3d at 464 (internal citation omitted).

## B. Standard of proof for 11 U.S.C. § 523(a)(6)

■■■ The Supreme Court of the United States addressed the standard of proof for "willful and malicious" in 1991. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In *Grogan*, the Supreme Court determined that the standard is "preponderance of the evidence." *Id.* This standard of proof is different than the standard used by the state court in determining if punitive damages should be awarded.

## C. Standard of proof for punitive damages in state court

■■■ Ohio courts allow punitive damages to be awarded in trade secret cases usually "where the evidence shows that defendant acted willfully and intentionally and with malicious intent." *See Macdermid Inc. v. Electrochemicals, Inc.*, No. 96–3995, 96–4072, 1998 WL 165137, at *11 (6th Cir.1998) (unpublished), *quoting Pyromatics v. Petruziello*, 7 Ohio App.3d 131, 454 N.E.2d 588, 595 (1983). In the underlying state court case, the magistrate determined that there was "insufficient evidence before him of actual malice, as required to support an award of punitive damages. *See, e.g., Cabe v. Lunich*, 70 Ohio St.3d 598, 640 N.E.2d 159. Accordingly, an award of attorney's fees [was] not awarded under the law." (Magistrate's Decision, p. 16). In looking at *Cabe*, the Ohio Supreme Court defined "actual malice" as being "... present where the defendant possessed either: (1) that state of mind under

which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Id.* at 601, 640 N.E.2d 159. *See also, Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987).

The "actual malice" determination within the state court case required proof by "clear and convincing evidence." *Id.* at 601, 640 N.E.2d 159. Under Ohio law, clear and convincing evidence is a degree of proof that is "more than a mere 'preponderance of the evidence' ... which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cleveland Bar Association v. Cleary*, 93 Ohio St.3d 191, 754 N.E.2d 235. (quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954)).

### D. *Application of different standards of proof to the case at bar*

The difference in evidentiary standards between the standard of proof of "willful and malicious" for 11 U.S.C. § 523(a)(6) and the state court's standard of proof used for punitive damages is important. If the state court judgment resulting from defendant's misappropriation of trade secrets awarded attorney's fees, then collateral estoppel would apply. Collateral estoppel would apply because a finding of malice is required under Ohio law for the award of attorney's fees. *See Rowe Oil, Inc. v. McCoy (In re McCoy)*, 189 B.R. 129, 134 (Bankr.N.D.Ohio 1995).

Further, if the state court judgment resulting from defendant's misappropriation of trade secrets awarded punitive damages, then collateral estoppel would also apply. The state court's award of punitive damages would be indicative of a finding of malice. *See The Spring Works, Inc. v.*

*Sarff (In re Sarff)*, 242 B.R. 620, 627–28 (6th Cir. BAP 2000). The standard of proof for punitive damages in state court is "clear and convincing". When punitive damages are determined by the state court, there can be no question that "actual malice" was determined under the standard used for 11 U.S.C. § 523(a)(6). That standard being "preponderance of the evidence". *See Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In the case at bar, the Court cannot find that collateral estoppel applies. The Court, with only the magistrate's Decision and no underlying state court transcripts or evidence before it, has reviewed a determination that there was insufficient evidence before the state court trier of fact to find "actual malice," warranting punitive damages. That determination was made using the "clear and convincing" evidence standard. The standard required in 11 U.S.C. § 523(a)(6) determinations is "preponderance of the evidence," a lesser burden of proof. Failure by the Plaintiff to meet the heightened "clear and convincing" evidence standard, does not equate to mean that the evidence also failed to meet the lesser burden of proof under 11 U.S.C. § 523(a)(6). *See Macdermid, Inc. v. Electrochemicals, Inc.*, 1998 WL 165137, at *12. In reviewing the state court's underlying judgment in a light most favorable to the nonmoving party, the Court finds that it cannot grant Defendant's motion.

Further, the Court cannot find that collateral estoppel applies based upon Plaintiff's argument that the state court found that "Michael and Matthew Painter engaged in a concerted effort to take away the Agency's [Plaintiff's] customers for themselves...." (Magistrate's decision, pp. 11–12). The Court, with only the magistrate's Decision before it, cannot determine that a "concerted" or joint effort

equates to willful and malicious as it is used in 11 U.S.C. § 523(a)(6).

## VI. *Conclusion*

Based upon the foregoing, the Court hereby finds that there still is a material issue of fact in existence. Therefore, the Court hereby denies the Defendant, Michael Lane Painter's Motion for Summary Judgment. The Court further finds and orders that the trial date scheduled for November 5, 2002, at 9:30 a.m. shall be vacated. The Court shall reschedule a second pretrial conference for the parties pursuant to a subsequent order.

**IT IS SO ORDERED.**