**In re Everett LOPEZ, Debtor.**

**Everett Lopez, Appellant,**

v.

**Emergency Service Restoration, Inc., Appellee.**

**BAP Nos. CC–06–1048 JKPa, CC–06–1049 JKPa.**
**Bankruptcy No. SV 04–15351–KT.**
**Adversary No. SV 04–01464–KT.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Jan. 17, 2007.

Filed March 27, 2007.

---

Geraldine A. Valdez, San Diego, CA, for Appellee.

Rocky W. Dorcy, Van Nuys, CA, for Appellant.

Before: JAROSLOVSKY,[1] KLEIN and PAPPAS, Bankruptcy Judges.

## OPINION

JAROSLOVSKY, Bankruptcy Judge.

On summary judgment, the bankruptcy court conflated the so-called *Rooker–Feldman* doctrine with rules of claim and issue preclusion and thought it lacked authority to make an independent determination of whether a debt based on a state court

judgment was excepted from discharge under 11 U.S.C. § 523(a)(6). We hold *Rooker–Feldman* is irrelevant to preclusion analysis, which entails a two-step process in which a trial court first determines the legal question of whether preclusion is available to be applied, and in the second step, a trial court is required to exercise discretion about whether to apply preclusion. Hence, we VACATE and REMAND for the court to apply the correct standards of preclusion analysis and publish to clarify that the Supreme Court's recent disapproval of expansive use of *Rooker–Feldman* saps that doctrine of utility in bankruptcy and operates to overrule prior BAP precedents applying that doctrine.

## FACTS

Prior to bankruptcy, debtor and appellant Everett Lopez was sued by plaintiff and appellee Emergency Service Restoration, Inc. ("ESR"), in state court on several claims including misappropriation of trade secrets. The state court judge determined, over Lopez's objection, that the matter was to be tried without a jury. After a contentious trial in which Lopez's counsel allegedly engaged in "screaming matches" with the judge, damages of $800,000.00 were awarded against Lopez, together with $386,367.53 in attorneys' fees for misappropriating ESR's customer list. The state court judge's statement of decision stated, "The Court further finds that Lopez/Febertech's misappropriation of ESR's customer list trade secret was willful and malicious and that ESR is the prevailing party in this action. Therefore, ESR shall recover reasonable attorney's fees and costs incurred in this action." (Citation omitted.)

---

1. Hon. Alan Jaroslovsky, Bankruptcy Judge for the Northern 1 District of California, sitting by designation.

Although Lopez appealed the state court judgment, he abandoned that appeal. The state court judgment was final for all purposes before he commenced his chapter 7 case.

After Lopez filed his chapter 7 bankruptcy petition, ESR filed a complaint for determination that the judgment was nondischargeable. ESR then filed a motion for summary judgment, arguing that the state court findings had preclusive effect and the judgment was accordingly nondischargeable under sections 523(a)(4) and 523(a)(6) of the Bankruptcy Code. The bankruptcy court granted summary judgment to ESR, finding that "[t]he Debtor may not attack the State Court Judgment under the *Rooker–Feldman* Doctrine" and concluding that the judgment against Lopez was nondischargeable under § 523(a)(6). The court rejected Lopez's argument that it had the "equitable power" to disregard the state court judgment, stating that "I don't agree that I have the authority to ignore what the state court did." Lopez appeals from the order granting summary judgment and the judgment.

## ISSUES

1. Whether the bankruptcy court erred when it decided that the *Rooker–Feldman* doctrine required it to give preclusive effect to the state court findings.

2. Whether the bankruptcy court erred when it decided it lacked discretion over whether to apply issue preclusion.

## STANDARD OF REVIEW

We exercise *de novo* review of the granting of summary judgment. *Conestoga Serv. Corp. v. Executive Risk Indem., Inc.*, 312 F.3d 976, 980 (9th Cir. 2002). Likewise, the availability of issue preclusion is reviewed *de novo*. *Krishnamurthy v. Nimmagadda (In re Krishnamurthy)*, 209 B.R. 714, 718 (9th Cir. BAP

1997), *aff'd*, 125 F.3d 858 (9th Cir.1997). If issue preclusion is available, the decision to apply it is reviewed for abuse of discretion. *Dias v. Elique*, 436 F.3d 1125, 1128 (9th Cir.2006); *George v. City of Morro Bay (In re George)*, 318 B.R. 729, 733 (9th Cir. BAP 2004), *aff'd*, 144 Fed.Appx. 636 (9th Cir.2005), *cert. denied*, 546 U.S. 1094, 126 S.Ct. 1068, 163 L.Ed.2d 861 (2006).

## DISCUSSION

### I. *Rooker–Feldman* Doctrine

The dischargeability proceeding in bankruptcy court was not the same action as the one tried in state court. While some of the findings made by the state court may be given preclusive effect in the bankruptcy action, that does not mean that the actions themselves are identical. *See Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 871 (9th Cir.2005), *cert. denied*, ── U.S. ──, 126 S.Ct. 2890, 165 L.Ed.2d 917 (2006).

The *Rooker–Feldman* doctrine has no application to this case, which is an action filed by the victor in state court to determine the discharge status of that judgment under 11 U.S.C. § 523(a)(6). This is a separate federal question over which the bankruptcy court has exclusive jurisdiction. *Brown v. Felsen*, 442 U.S. 127, 138–39, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). It is settled that a nondischargeability claim is an independent federal claim as to which the effect of a prior state court judgment is governed by principles of preclusion. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Brown*, 442 U.S. at 132–39, 99 S.Ct. 2205.

The Supreme Court severely constrained *Rooker–Feldman* in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161

L.Ed.2d 454 (2005)("Preclusion, of course, is not a jurisdictional matter."). During its next term, the Court also made clear in *Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198, 1201–03, 163 L.Ed.2d 1059 (2006), that it is error to conflate preclusion with *Rooker–Feldman*:

> In *Exxon Mobil*, decided last Term, we warned that the lower courts have at times extended *Rooker–Feldman* "far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." 544 U.S., at 283, 125 S.Ct. 1517. *Rooker–Feldman*, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284, 125 S.Ct. 1517.

> . . . .

> The District Court erroneously conflated preclusion law with *Rooker–Feldman*. Whatever the impact of privity principles on preclusion rules, *Rooker–Feldman* is not simply preclusion by another name. The doctrine applies only in "limited circumstances," *Exxon Mobil*, *supra*, at 291, 125 S.Ct. 1517, where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. The *Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment.

*Lance v. Dennis*, 126 S.Ct. at 1201–02 (footnote omitted).[2]

In this case, Lopez is not seeking to reverse the state court judgment. Lopez merely argues that principles of issue preclusion should not be applied to keep him from demonstrating that his conduct was not willful and malicious for purposes of § 523(a)(6) and that the judgment is therefore dischargeable. Dischargeability was not at issue in the state court.

■ The *Rooker–Feldman* doctrine does not override or supplant issue and claim preclusion doctrines. *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517; *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir.2007). It was accordingly error for the bankruptcy court to conclude that the *Rooker–Feldman* doctrine required it to give the state court's judgment preclusive effect in the dischargeability action.

## II. Issue Preclusion

■ Issue preclusion bars relitigation of issues that have been actually litigated. The doctrine is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple. Issue preclusion bars relitigation of an issue of fact or issue that: (1) is identical to a fact or issue determined in an earlier proceeding, (2) was actually decided by a court in an earlier action, (3) the issue was necessary to the judgment in such action, (4) there was a final judgment on the merits, and (5) the parties are the same. *Harmon*

**2.** It is apparent that *Exxon Mobil* and *Lance v. Dennis* operate to reject our precedents in which we have applied *Rooker–Feldman* in a manner now disapproved by the Supreme Court. Thus, we now regard such decisions as *Williams v. Swenson (In re Williams)*, 280 B.R. 857 (9th Cir. BAP 2002), and *Audre, Inc. v. Casey (In re Audre, Inc.)*, 216 B.R. 19 (9th Cir. BAP 1997), as overruled and no longer good law.

*v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir.2001).

■ The Full Faith and Credit Act requires that the federal courts give state court judgments the same preclusive effect those judgments would enjoy under the law of the state in which the judgment was rendered. 28 U.S.C § 1738; *Lee v. TCAST Commc'ns, Inc. (In re Lee)*, 335 B.R. 130, 138 (9th Cir. BAP 2005).[3]

Although somewhat rambling and imprecise, Lopez argues that the "willful and malicious" issue was never actually decided by the state court. The state court made findings on the record, which did not expressly find that Lopez's conduct was willful and malicious. However, the state court's written statement of decision, filed after the trial, does contain an express finding of willful and malicious conduct. Lopez attacks the state court's written statement of decision as having been "concocted" by counsel for ESR and void because the findings in the written statement

of decision exceeded the findings made on the record.

■ While the adoption by the court of findings written by counsel for the prevailing party may lead to confusion and may not be a favored practice,[4] it is common in state court bench trials and permissible under state law. See *Schoenberg v. Benner*, 251 Cal.App.2d 154, 59 Cal.Rptr. 359, 363 (1967); *see generally* J.A. Bryant, Jr., Annotation, *Propriety and Effect of Trial Court's Adoption of Findings Prepared by Prevailing Party*, 54 A.L.R.3d 868 (1973). Federal courts are required to give full faith and credit to state court decisions. *Harmon*, 250 F.3d at 1245; *Lee*, 335 B.R. at 138.[5] Since California courts permit the practice, we reject Lopez's argument that the findings in the state court's written statement of decision are ineligible for issue preclusion purposes merely because they were drafted by counsel.[6]

3. The full restated rule, based on 28 U.S.C. § 1738 and judicial glosses thereon, governing the preclusive effect to be given in federal court to a prior state court judgment is set forth in Restatement (Second) of Judgments § 86 (1982):

§ 86. Effect Of State Court Judgment In A Subsequent Action I Federal Court

A valid and final judgment of a state court has the same effects under the rules of res judicata in a subsequent action in a federal court that the judgment has by the law of the state in which the judgment was rendered, except that:

(1) An adjudication of a claim in a state court does not preclude litigation in a federal court of a related federal claim based on the same transaction if the federal claim arises under a scheme of federal remedies which contemplates that the federal claim may be asserted notwithstanding the adjudication in state court; and

(2) A determination of an issue by a state court does not preclude relitigation of that issue in federal court if according preclusive effect to the determination would be

incompatible with a scheme of federal remedies which contemplates that the federal court may make an independent determination of the issue in question.

4. *See E.g., Alvernaz Farms, Inc. v. Bank of Cal. (In re T.H. Richards Processing Co.)*, 910 F.2d 639, 643 n. 2 (9th Cir.1990) ("regrettable practice" and review findings with "special scrutiny"); *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 n. 3 (9th Cir. 1984)(same); *Barclays–Am./Bus. Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broad., Inc.)*, 871 F.2d 1023, 1029–30 (11th Cir.1989).

5. The Full Faith and Credit Act, 28 U.S.C. § 1738, provides, in pertinent part, that state court decisions "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

6. To be sure, a subsequent court trying to decide if justice is being served by giving a judge's findings preclusive effect will derive

For the same reason, the bankruptcy court correctly determined that it could not disregard the state court judgment solely because Lopez believed that he was improperly denied a jury trial. Under state law, a litigant may not collaterally attack a final judgment for nonjurisdictional errors. *Estate of Buck,* 29 Cal. App.4th 1846, 35 Cal.Rptr.2d 442, 446 (1994). Error in denying a jury trial is merely error to be corrected on appeal and does not go to the jurisdiction of the court. *In re Fife,* 110 Cal. 8, 42 P. 299, 299 (1895); *Schmidt v. Townsend,* 103 Cal.App.2d 185, 229 P.2d 488, 489 (1951). Accordingly, an erroneous denial of a jury trial by a California court does not affect the obligation of a federal court to give full faith and credit to a California judgment that has become final.

Lopez argues that the finding of willful and malicious conduct was not necessary to the state court's decision. However, California Civil Code § 3426.4 provides, in pertinent part, that "If . . . willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party." The finding was a necessary prerequisite to the award of attorney's fees.

Lopez argues that issue preclusion is not permissible in this instance because the issues were not the same; that is, a finding of misappropriation of trade secrets, even if found to be willful and malicious, is not the same thing as a willful and malicious injury under § 523(a)(6) of the Bankruptcy Code.

We are not persuaded that the issues necessarily are different as a matter of law. Numerous reported cases regard summary judgment premised on identity of issues as appropriate under § 523(a)(6) where a debtor was found by a state court to have misappropriated trade secrets. The leading case for the creditor's position is *Hobson Mould Works, Inc. v. Madsen (In re Madsen),* 195 F.3d 988 (8th Cir. 1999). In that case, the court rejected the debtor's argument that a state court judgment for misappropriation of trade secrets did not meet the requirements, under *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), for a finding of nondischargeability under § 523(a)(6). Summary judgment in favor of the creditor based on issue preclusion was affirmed. Other post-*Geiger* § 523(a)(6) cases involving trade secrets are to the same effect. *E.g., Spring Works, Inc. v. Sarff (In re Sarff),* 242 B.R. 620 (6th Cir. BAP 2000); *Worldwide Prosthetic Supply, Inc. v. Mikulsky (In re Mikulsky),* 301 B.R. 726 (Bankr.E.D.Wis. 2003); *Read & Lundy, Inc. v. Brier (In re Brier),* 274 B.R. 37 (Bankr.D.Mass.2002); and *Dent Wizard Intel. Corp. v. Brown (In re Brown),* 237 B.R. 740 (Bankr.C.D.Cal. 1999).

There is also a line of cases declining to award summary judgment in § 523(a)(6) trade secret situations. The leading case of this line is *Miller v. J.D. Abrams Inc. (Matter of Miller),* 156 F.3d 598 (5th Cir. 1998), in which summary judgment holding a state court judgment for misappropriation of trade secrets nondischargeable under § 523(a)(6) was reversed, on the

---

more comfort from findings stated in the judge's own words than from findings later drafted by counsel. The Eleventh Circuit has aptly described the nub of the problem: "[w]hen an interested party is permitted to draft a judicial order without response by or notice to the opposing side, the temptation to overreach and exaggerate is overwhelming." *Colony Square Co. v. Prudential Ins. Co. (In re Colony Square Co.),* 819 F.2d 272, 275 (11th Cir.1987). Nevertheless, the findings are not automatically void or defective merely because they were written by the prevailing counsel.

grounds that the verdict did not necessarily establish nondischargeability under *Geiger.* Other cases deny summary judgment under similar facts. *E.g., S.L. Pierce Agency, Inc. v. Painter (In re Painter),* 285 B.R. 662 (Bankr.S.D.Ohio 2002); *Glucona Am., Inc.v. Ardisson (In re Ardisson),* 272 B.R. 346 (Bankr.N.D.Ill.2001); *KV Pharm. Co. v. Harland (In re Harland),* 235 B.R. 769, 777–79 (Bankr.E.D.Pa.1999)(trial on stipulated facts).

The latter line of cases denying summary judgment generally involves findings that were inconclusive and, hence, are less helpful to Lopez than the former line are to ESR. In *Miller,* the state court jury had declined to award punitive damages and there was no express finding of willful and malicious conduct. Id. at 601. In *Harland,* the court granted judgment against the debtor on other grounds. In *Painter,* the court pointed out that the state court had awarded neither punitive damages nor attorney's fees,[7] so there was no basis for concluding that the debtor's conduct had been adjudged willful and malicious. In this case, there is both an express finding of willful and malicious conduct and an award of attorney's fees.

To the extent there is any inconsistency between these lines of cases, we agree with the implicit ruling of the bankruptcy court that *Madsen* accurately states the law. *Miller* is factually distinguishable because the state court made no express finding of willful and malicious conduct. Moreover, the Ninth Circuit has twice disagreed with *Miller. Jett v. Sicroff (In re Sicroff),* 401 F.3d 1101, 1107 n. 5 (9th Cir.2005); *Carrillo v. Su (In re Su),* 290 F.3d 1140, 1145 n. 3 (9th Cir.2002).

### III. Discretion

▮ Lopez argued to the bankruptcy court that it had the "equitable power" not to apply issue preclusion. Its focus diverted by the inapplicable *Rooker–Feldman* doctrine, the bankruptcy court rejected this argument and specifically found that it was required to apply issue preclusion in a mechanical way without exercising any independent judgment, indicating that it lacked "authority" to exercise such judgment. This was error, and requires us to remand for such an exercise.

▮ At its heart, the decision to apply issue preclusion entails a measure of discretion and flexibility. The authors of the *Restatement(Second) of Judgments* recognized "the need for flexibility in the operative principles, and this recognition has served as the basis for the exceptions to the rule of issue preclusion set forth in § 28." *Restatement(Second) of Judgments,* Title E, Introductory Note (1980). The exceptions to the general rule of issue preclusion that are set out in *Restatement(Second)* § 28 include such flexible concepts as: change in applicable legal context; avoiding inequitable administration of laws; differences in quality or extensiveness of procedures; and lack of adequate opportunity or incentive to obtain a full and fair adjudication in the initial action. Id. §§ 28(2), (3) & (5).

▮ The discretionary aspect of issue preclusion is settled as a matter of federal law. When faced with a question of the use of issue preclusion in, as here, the offensive context, the Supreme Court, citing a tentative draft of the *Restatement(Second)* with approval, held: "We have concluded that the preferable approach for dealing with these problems in

---

**7.** Ohio law, like California law, allows punitive damages and attorney's fees to be awarded only where the misappropriation of trade secrets is willful and malicious. *Painter,* 285 B.R. at 667–68.

the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 & nn. 14–16, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus, reasonable doubts about what was decided in a prior judgment are resolved against applying issue preclusion. *Frankfort Digital Servs., Ltd. v. Kistler (In re Reynoso)*, 477 F.3d 1117 (9th Cir. 2007). Moreover, this is consistent with the rule that preclusion is an affirmative matter as to which the proponent of preclusion has the burden of persuasion and bears the correlative risk of nonpersuasion. *See Exxon–Mobil*, 544 U.S. at 293, 125 S.Ct. 1517; Christopher Klein et al., *Principles of Preclusion & Estoppel in Bankruptcy Cases,* 79 Am. Bankr. L.J. 839, 882–83 (2005).

 California law is consistent with federal law on the question of discretionary application of issue preclusion. In California, issue preclusion is not applied automatically or rigidly, and courts are permitted to decline to give issue preclusive effect to prior judgments in deference of countervailing considerations of fairness. *Lucido v. Super. Ct.*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990); *People v. Seltzer*, 101 Cal.Rptr. 260, 262 (Cal.App.1972) (collecting cases). The court balances "the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present the facts." 1 Ann Taylor Schwing, Cal. Affirmative Defenses 2d § 15:8 (2006). Thus, policy considerations may limit use of issue preclusion in any particular instance. *Jackson v. City of Sacramento*, 117 Cal.App.3d 596, 172 Cal.Rptr. 826, 829 (1981). In the end, the proponent of preclusion bears the persuasive burden and the risk of nonpersuasion. *Lucido*, 272 Cal.Rptr. 767, 795 P.2d at 1225; *Camargo*

*v. Cal. Portland Cement Co.*, 86 Cal. App.4th 995, 103 Cal.Rptr.2d 841, 855 (2001), *rev. denied* (2001); *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 825 (9th Cir. BAP 2006).

Lopez urged the bankruptcy court to consider several factors which he claimed militate against precluding him from contesting that his conduct was willful and malicious. These include alleged lack of decorum in the state court trial, alleged denial of a right to a jury, and the fact that the findings in the state court's written statement of decision drafted by ESR's counsel go beyond those made by the court orally. We are not in a position to be able to make the discretionary determination whether any of these factors, taken in context, justify allowing the nature of Lopez's conduct to be relitigated in bankruptcy court and we accordingly express no opinion on this issue. These are factors for the bankruptcy court to weigh in the exercise of sound discretion.

## CONCLUSION

The bankruptcy court correctly determined that it was permissible for it to apply principles of issue preclusion to prohibit Lopez from relitigating whether his conduct was willful and malicious. However, the bankruptcy court made two errors: conflating the jurisdictional *Rooker–Feldman* doctrine with nonjurisdictional rules of preclusion and failing to recognize that it had discretion in giving preclusive effect to the state court findings. Accordingly, we VACATE the order and judgment appealed from and REMAND for further proceedings consistent with this opinion.