**Thomas A. MARTIN, Defendant–Appellant,**

v.

**Virginia MARTIN, Plaintiff–Appellee.**

No. 06–1449–bk.

United States Court of Appeals,
Second Circuit.

April 25, 2008.

Thomas A. Martin, pro se, Valatie, NY, for Appellant.

Virginia Martin, pro se, Claverack, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Thomas A. Martin, acting *pro se*, appeals from the district court's affirmance of the bankruptcy court's judgment granting plaintiff-appellee Virginia Martin's motion for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

A debt is non-dischargeable in bankruptcy if it "was or could have been listed or scheduled by the debtor in a prior case concerning the debtor . . . in which the debtor waived discharge, or was denied a discharge under [11 U.S.C.] section 727(a)(2), (3), (4), (5), (6), or (7)." 11 U.S.C. § 523(a)(10). Appellant's primary argument on appeal is that the debt found to be non-dischargeable in this case was "contingent" and therefore not within the meaning of § 523(a)(10). However, we have previously concluded that "Congress has adopted the broadest possible definition of 'debt'" to render it "sufficiently broad to cover any possible obligation to make payment, whether that obligation is liquidated or unliquidated, fixed or contingent, disputed or undisputed, and whether or not it is embodied in a judgment." *In re Mazzeo*, 131 F.3d 295, 302 (2d Cir.1997) (citations and internal quotation marks omitted). The debt at issue is therefore subject to the exception to discharge set forth at 11 U.S.C. § 523(a)(10).

For the foregoing reasons, in addition to the reasons identified in the opinion of the

bankruptcy court, the judgment of the district court is hereby AFFIRMED.