**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                              )   BAP No.   16-1233-NTaL
                                    )
FARAMARZ BIJAN KHOUNANI,            )   BK. No.   8:15-bk-14729-TA
                                    )
                 Debtor.            )   Adv.No.   8:15-ap-01483-TA
_____)
                                    )
FARAMARZ BIJAN KHOUNANI,            )
                                    )
                 Appellant,         )
                                    )
v.                                  )   **MEMORANDUM**[*]
                                    )
PREMIER CAPITAL LIMITED             )
LIABILITY COMPANY,                  )
                                    )
                 Appellee.          )
_____)

Argued and Submitted on January 19, 2017
at Pasadena, California

Filed - February 2, 2107

Appeal from the Central District of California

Honorable Theodore C. Albert, Bankruptcy Judge, Presiding

_____

Appearances:     Zulu Ali argued for appellant; Mark N. Storm of
                 Versus Law Group, APC argued for appellee.

_____

Before: NOVACK[**], TAYLOR AND LAFFERTY, Bankruptcy Judges.

_____

[*]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has not precedential value.
See 9th Cir. BAP Rule 8013-1.

[**]   The Hon. Charles Novack, United States Bankruptcy Judge
for the Northern District of California, sitting by designation.

Appellant Faramarz Khounani appeals from the bankruptcy court's order granting summary judgment which determined that appellee Premier Capital Limited Liability Company's ("Premier Capital") claim is non-dischargeable under Bankruptcy Code §523(a)(10).[1] Section 523(a)(10) excepts from discharge claims that were not discharged in a prior bankruptcy under certain subsections of Bankruptcy Code § 727(a). Khounani filed a Chapter 7 bankruptcy in 2002. As part of that Chapter 7 case, Premier Capital filed an adversary proceeding against him which resulted in the denial of his discharge. At that time, Premier Capital held a breach of contract claim against Khounani for approximately $86,000.

Premier Capital thereafter sued Khounani in Orange County Superior Court on its breach of contract claim and obtained a $133,421.52 judgment. The judgment included costs, interest and attorneys' fees. When Khounani filed his second Chapter 7 in 2015, Premier Capital's judgment had accrued substantial interest and exceeded $236,000. Premier Capital responded to the 2015 Chapter 7 case by filing an adversary proceeding to have its Superior Court judgment found to be non-dischargeable under § 523(a)(10). Premier Capital then filed a motion for summary judgment, arguing that under the principles of res judicata, its Superior Court judgment was non-dischargeable under § 523(a)(10). Khounani opposed the motion, arguing, among other things, that Premier Capital's 2002 breach of contract claim and Superior

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Court judgment were not identical because the latter included accrued interest, costs and attorneys fees. The bankruptcy court disagreed and granted the motion. For the reasons stated below, we AFFIRM the summary judgment order.

## I. FACTS

On September 12, 2002, Debtor Faramarz Khounani ("Khounani") filed a Chapter 7 bankruptcy in the Bankruptcy Court for the Central District of California after defaulting on a personal guaranty of a 1999 corporate line of credit (the "Guarantee") owed to Premier Capital.[2] Khounani listed Premier Capital's claim on his Bankruptcy Schedule F at $86,015. Premier Capital responded with an adversary proceeding against Khounani which resulted in a default judgment that denied Khounani's Chapter 7 discharge under §§ 727(a)(2)(A), (a)(3), and (a)(4)(A)(the "2003 Discharge Judgment"). The bankruptcy court thereafter denied Khounani's motion to vacate the default judgment under Rule 9023.

After Khounani's Chapter 7 case closed, Premier Capital sued Khounani in Orange County Superior Court for breach of the Guarantee and related common counts. Khounani did not respond to this litigation, and on January 21, 2005, the Orange County Superior Court entered a $133,421.52 judgment against him and several other parties. The judgment included the $90,568.74 principal balance due under the Guarantee, $3,693.41 in attorneys' fees, $387.50 in costs, and $38,771.87 in accrued interest (the "Superior Court Judgment"). During the ensuing

---

[2] Bank of America originated the loan, and it assigned its right, title and interest in the line of credit and guarantee to Premier Capital in May 2002.

- 3 -

years, Premier Capital timely renewed the 2003 Discharge Judgment and the Superior Court Judgment. And when it renewed the Superior Court Judgment on June 29, 2012, Premier Capital asserted that the amount then due was $236,544.67.

Khounani filed the Chapter 7 case on September 28, 2015, and he listed the Superior Court Judgment on his Bankruptcy Schedule F.

Premier Capital followed with its § 523(a)(10) adversary proceeding. This time, Khounani answered the complaint and denied that the Superior Court Judgment was non-dischargeable. Premier Capital responded with a motion for summary judgment supported by the declaration of Mark Strom, its Requests for Judicial Notice, and Khounani's admissions in his answer which established that: (1) Khounani listed Premier Capital's Guarantee claim on his 2002 Bankruptcy Schedule F; (2) Khounani was denied his Chapter 7 discharge pursuant to the 2003 Discharge Judgment; (3) Premier Capital thereafter sued Khounani in Orange County Superior Court on the Guarantee and obtained the Superior Court Judgment; (4) Premier Capital renewed the Superior Court Judgment in June 2012, and the Superior Court issued a Notice of Renewal of Judgment in the amount of $236,544.67; and (5) on August 22, 2012, the United States Bankruptcy Court for the Central District of California issued a Notice of Renewal of the Discharge Judgment. Premier Capital contended that under the doctrine of claim preclusion[3], there was no genuine factual dispute that

_____

[3] Khounani's counsel uses the term "res judicata" in his briefing in the bankruptcy court and before this Panel. We refer
(continued...)

- 4 -

(1) its Guarantee claim was scheduled in Khounani's 2002 Chapter 7; (2) the bankruptcy court had jurisdiction to enter the 2003 Discharge Judgment; (3) the 2003 Discharge Judgment was a final judgment on the merits; and (4) Premier Capital's 2002 pre-petition Guarantee claim and the Superior Court Judgment were the same claim or cause of action for purposes of § 523(a)(10).[4]

Khounani opposed the summary judgment motion on two grounds. Khounani first contended that the Superior Court Judgment was dischargeable because it was based on a breach of contract (i.e., the Guarantee) and not on fraud. Khounani also argued that the "same claim or cause of action" element of claim preclusion required uniformity both as to the nature and amount of the claim. Accordingly, he contended that § 523(a)(10) only applied to $86,015 of the Superior Court Judgment, and that the interest, costs and attorneys' fees that accrued after he filed the 2002 Chapter 7 case were dischargeable in his 2015 bankruptcy filing.

The bankruptcy court determined that there were no genuine issues of material fact and granted Premier Capital's summary judgment motion. Rather than rely on the doctrine of claim

---

[3](...continued)
to this doctrine as "claim preclusion" to conform to the Restatement (Second) of Judgments and United States Supreme Court usage. See Migra v.Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 77 n.1 (1984); Robi v. Five Platters, Inc., 838 F.2d 318, 321 n.2 (9th Cir. 1988); The Alary Corp. v. Sims (In re Assocated Vintage Group, Inc.), 283 B.R. 549, 554-55 (9th Cir. BAP 2002).

[4] Premier Capital stated in its summary judgment motion that the amount due under the Orange County Judgment was $236,554.37. This amount, however, does not reflect the interest that accrued after the Orange County Judgment was renewed in 2012.

preclusion, the bankruptcy court directly reviewed and applied the elements of § 523(a)(10).

The bankruptcy court rejected Khounani's fraud-based argument out of hand. The bankruptcy court noted that § 523(a)(10) is not tort-based. Instead, it held that the plain reading of the statute simply required that the claim in the subsequent bankruptcy must have constituted a claim in the earlier bankruptcy and that the debtor must have been denied his discharge under §§ 727(a)(2)(A), (a)(3) or (a)(4)(A) in the prior bankruptcy. The bankruptcy court held that Premier Capital satisfied both elements and that its claim was thus "non-dischargeable *forever more.*" (italics in the original). The bankruptcy court also rejected Khounani's argument that only $86,015 of the Superior Court Judgment fell within § 523(a)(10)'s ambit. The bankruptcy court stated in its tentative rulings (which it adapted as part of its order granting the summary judgment motion[5]) that "[t]here does not appear to be any real question that there is really only one debt and it is the same one that was the subject both of the 2003 adversary proceeding as well as the 2004 state court action, plus accrued interest, costs, etc. So irrespective of its character it is non-dischargeable under § 523(a)(10)."

The § 523(a)(10) judgment denied the "discharge of the

---

[5] The bankruptcy court's June 30, 2016 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion For Summary Judgment Filed April 6, 2016" was not included in the excerpt of record. This Panel has exercised its discretion and reviewed this entry on the bankruptcy court's docket. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

indebtedness owed by Defendant FARAMARZ BIJAN KHOUNANI to Plaintiff PREMIER CAPITAL LIMITED LIABILITY COMPANY, as reflected in the state court judgment entered by the Orange County Superior Court, Civil Action Case No. 04CC08581, in the amount of $236,544.67, plus future accruing interest at the legal rate and future allowable costs."

Khounani timely filed his notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(I) and § 1334. We have jurisdiction under 28 U.S.C. § 158(a)(1) and (b)(1).

## III. ISSUE

Did the bankruptcy court err in granting Premier Capital's motion for summary judgment?

## IV. STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment de novo. Boyajian v. New Falls Corp. (In re Boyajian), 564 F.3d 1088, 1090 (9th Cir. 2009); Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez), 367 B.R. 99, 103 (9th Cir. BAP 2007). De novo review requires the Panel to independently review an issue, without giving deference to the bankruptcy court's conclusions. First Ave. W. Bldg, LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006).

## V. DISCUSSION

**A. Summary Judgment Standards**

A trial court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law." Civil Rule 56(c)(2) as incorporated by Federal Rule of Bankruptcy Procedure 7056. The trial court does not weigh evidence but merely determines whether material facts remain in dispute. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir. 1997). A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party, and a fact is material if it might affect the outcome of the case. Far Out Prods., Inc. V. Oskar, 247 F.3d 986, 992 (9th Cir. 1997).

The plaintiff carries the initial burden of production and the ultimate burden of persuasion that there is "no genuine issue as to any material fact." Civil Rule 56(c). To meet this burden, the plaintiff must provide conclusive evidence of "a showing sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." S.Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003). The burden then shifts to the non-moving party, who must "go beyond the pleadings" and by his or her own affidavits, depositions, answers to interrogatories, or admissions on file, designate specific facts to demonstrate that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**B.    § 523(a)(10)**

Bankruptcy Code § 523(a)(10) excepts from discharge any debt "that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6),

or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act." Unlike many of the other discharge exceptions in § 523(a), § 523(a)(10) is not premised on the debtor's commission of a tort or on a marital or fiduciary relationship with the creditor. Instead, only two straightforward elements are required: 1) that the claim at issue was a pre-petition claim in an earlier bankruptcy case, and 2) that the debtor either waived his discharge or was denied his discharge under certain subsections of § 727(a) in that prior case.

Premier Capital established in its summary judgment motion that there is no genuine dispute that the Superior Court Judgment is non-dischargeable under § 523(a)(10). Khounani was denied his Chapter 7 discharge in 2003 under §§ 727(a)(2)(A), (a)(3) and (a)(4)(A). He also listed Premier Capital's Guarantee claim on his 2002 Bankruptcy Schedule F. These two facts render the Superior Court Judgment (in whatever amount it represents) non-dischargeable under § 523(a)(10).

The fact that Premier Capital's claim is now evidenced by the Superior Court judgment which includes substantial interest and attorneys' fees is irrelevant. A debt is a liability on a claim. § 101(12). A claim is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." § 101(5)(A). The United States Supreme Court has repeatedly held that Congress intended to adopt the broadest available definition of a "claim," and that a right to payment, as a claim, means "nothing more or

- 9 -

less than an enforceable obligation." <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed. 2d 66 (1991). Unsecured claims are not static, and they are not defined by the amount due. If a breach of contract claim is not discharged in an earlier bankruptcy, it should come as no surprise that it may blossom into a judgment that includes post-petition interest, costs and attorneys' fees. The Superior Court Judgment is wholly premised on the Guarantee claim which Khounani listed on his 2002 Bankruptcy Schedule F. For purposes of § 523(a)(10), the Superior Court Judgment is just a mature version of the Guarantee claim, and they are the same "enforceable obligation." <u>See</u>, <u>e.g.</u>, <u>Martin v. Martin (In re Martin)</u>, 2005 Bankr. LEXIS 2934, *12 (Bankr. S.D.N.Y. November 18, 2005); <u>aff'd</u> 274 Fed.Appx. 114, 2008 U.S.App.LEXIS 8944 (2nd Cir. 2008). While this Panel recognizes that non-dischargeability claims should be construed narrowly in the debtor's favor, nothing in § 523(a)(10) even remotely supports Khounani's reading of the statute.

## VI. CONCLUSION

Based on the foregoing, we AFFIRM.