FILED
United States Court of Appeals
Tenth Circuit

November 19, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: GARY DAVID HAUCK;
BRENDA KAY HAUCK,

      Debtors.
_____

STEPHANIE M. MARTIN,

      Appellee,

v.

GARY DAVID HAUCK; BRENDA
KAY HAUCK,

      Appellants.

No. 13-1180
(D.C. No. 1:12-CV-00372-CMA)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

Gary David Hauck and Brenda Kay Hauck (the Haucks) appeal pro se from a

district court order affirming the bankruptcy court's grant of summary judgment in

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

favor of Stephanie M. Martin. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

The Haucks are the debtors in a bankruptcy case in which Ms. Martin filed an adversary proceeding. She sought a determination that a debt owed to her by the Haucks was nondischargeable pursuant to 11 U.S.C. § 523. The Haucks' debt stems from the settlement of a Colorado state court lawsuit that Ms. Martin filed against them in 2007 alleging claims related to the sale of her home to the Haucks in 2006. She included five claims for relief in her complaint: (1) extreme and outrageous conduct; (2) deceit based on fraud; (3) civil conspiracy; (4) civil theft; and (5) constructive trust.

In April 2009, Ms. Martin obtained a default judgment against the Haucks for $516,520. But the trial court subsequently granted their motion to vacate that judgment and set the case for trial in August 2010. The parties and their counsel participated in a mediation and reached an agreement to settle in May 2010. The parties and their counsel signed a written Stipulation

> to the entry of judgment against [the Haucks], jointly and severally, in the amount of Two Hundred Thousand Dollars ($200,000.00) based on deceit based on fraud (2nd Claim for Relief) and civil theft under [Colo. Rev. Stat.] § 18-4-401 (4th Claim for Relief) as contained in Plaintiff's First Amended Complaint and Jury Demand filed in Civil Action No. 07-CV-2646 in the District Court of Jefferson County, Colorado. Defendants further agree to assign to Plaintiff any and all interest they have, or may have, in the proceeds of the pending foreclosure proceeding relating to the property which is the subject of said civil action, said proceeds, if any, to be credited against the above-described judgment. The above captioned civil action is to be

dismissed with prejudice, each party to pay its own attorney fees and costs.

R. at 90. The state court then entered a Stipulated Judgment consistent with the parties' Stipulation, as follows:

This matter came before the Court on Plaintiff's Request for Entry of Stipulated Judgment. The Court, having reviewed the Parties' Stipulation, hereby enters judgment against Defendants Gary D. Hauck and Brenda K. Hauck, jointly and severally, and in favor of Plaintiff Stephanie M. Martin in the amount of $200,000.00, said entry of judgment being based upon Plaintiff's 2nd Claim for Relief, **Deceit Based on Fraud**, and 4th Claim for Relief, **Civil Theft pursuant to C.R.S. § 18-4-401**, as stated in the Plaintiff's First Amended Complaint and Jury Demand, filed December 21, 2007.

*Id.* at 65.

Several months later, in August 2010, the Haucks filed their bankruptcy case, and Ms. Martin filed her adversary proceeding. The parties ultimately filed cross motions for summary judgment. Ms. Martin argued that the Haucks' debt to her was not dischargeable according to 11 U.S.C. § 523, which provides that

[a] discharge under . . . this title does not discharge an individual debtor from any debt-- . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--(A) false pretenses, a false representation, or actual fraud . . . [or] (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

*Id.* §§ 523(a)(2)(A) and (a)(4). Ms. Martin argued further that issue preclusion based upon the Stipulated Judgment should bar the Haucks from rearguing whether they committed false representation and larceny. The Haucks contended that issue preclusion did not apply because the fraud and larceny issues were not actually

- 3 -

litigated in the state court proceeding, and they denied that they had admitted any liability in the Stipulated Judgment.

The bankruptcy court granted Ms. Martin's motion, citing Restatement (Second) of Judgments § 27, cmt. e, which provides that "[a] stipulation may . . . be binding in a subsequent action between the parties if the parties have manifested an intention to that effect." The bankruptcy court held that, under the terms of the Stipulated Judgment, the Haucks admitted culpability on Ms. Martin's claims of fraud and civil theft, and the Stipulated Judgment manifested the parties' intent to be bound. The court further determined that each of the elements of §§ 523(a)(2)(A) and (a)(4) were met by the Haucks' admissions with respect to Ms. Martin's fraud and civil theft claims. The bankruptcy court therefore held that the Haucks' debt under the Stipulated Judgment was not dischargeable. The Haucks appealed to the district court, which affirmed the bankruptcy court's decision as to nondischargeability. The district court also rejected the Haucks' claim that the Stipulated Judgment was unenforceable as an affirmation agreement or a pre-petition waiver that failed to comply with the requirements of 11 U.S.C. § 524(c).

We review a bankruptcy court's grant of summary judgment de novo, affording no deference to the decision of the district court as the intermediate appellate tribunal. *Ogden v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1195 (10th Cir. 2002). Because this appeal is from an adversary proceeding, Fed. R. Civ. P. 56 applies. Thus, summary judgment is warranted if "there is no

- 4 -

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). We construe the Haucks' pro se appeal brief liberally. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). But we will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and brackets omitted).

In their appeal brief, the Haucks contend that they are innocent of any wrongdoing; that they did not commit fraud or civil theft; that Ms. Martin is guilty of deceit; that they never had an opportunity to state the facts or defend themselves in any court; that they were both ill on the day that they and their counsel signed the Stipulation; that neither of them read the Stipulation before signing it; and that they assumed that the Stipulation was an interim negotiation and not a final agreement. They conclude, therefore, that they signed the Stipulation under duress.[1]

The Haucks appear to be asking this court to hold that the Stipulation is unenforceable based on the manner in which it was negotiated and their infirmities at that time. But they did not raise this contention in the bankruptcy court. They have

---

[1]     The Haucks also point to their on-again-off-again representation by counsel in the state court proceedings as putting them at a disadvantage vis-a-vis Ms. Martin. But the record reflects that they were represented by counsel at the time they signed the Stipulation. We note, as well, that the Haucks were represented by counsel in the bankruptcy court and in their appeal to the district court.

therefore forfeited this claim.  *See Gilman v. Ford (In re Ford)*, 492 F.3d 1148, 1154 n.6 (10th Cir. 2007) (acknowledging rule that legal argument is forfeited unless raised in bankruptcy court); *Mason v. Young (In re Young)*, 237 F.3d 1168, 1176 (10th Cir. 2001) (holding argument waived where it was unclear whether it had been presented to the bankruptcy court).

Aside from their duress argument, the Haucks do not raise any other discernible claim that the bankruptcy court erred in construing the Stipulated Judgment as manifesting the parties' intent to preclude further litigation of the issues of fraud and civil theft.  Nor do they address the district court's ruling that the Stipulated Judgment was not unenforceable as an affirmation agreement or a pre-petition waiver that failed to comply with the requirements of 11 U.S.C. § 524(c).  We will not craft arguments for them.  *See Garrett*, 425 F.3d at 841 (declining to "fill the void by crafting arguments and performing the necessary legal research" when pro se party made only generalized assertions of error).

Appellants having identified no error in the bankruptcy court's decision, the judgment of the district court is affirmed.

Entered for the Court

Wade Brorby
Senior Circuit Judge